FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 29, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DOROTHY DIEDE,<br><br>               Plaintiff,<br><br>    v.<br><br>DENIS RICHARD MCDONOUGH, Secretary, Department of Veterans Affairs, and DEPARTMENT OF VETERANS AFFAIRS,<br><br>               Defendants. | No.  2:20-cv-00456-SMJ<br><br>**ORDER DENYING JUDGMENT ON THE PLEADINGS** |

Before the Court, without oral argument, is Defendant's Motion for Judgment on the Pleadings, ECF No. 14. After review of the file, the Court is fully informed and denies the motion.

## BACKGROUND

Plaintiff alleges that her employer, the Department of Veteran Affairs ("VA"), discriminated against her on the basis of age and gender in May 2013, when it provided her with a Notice of Proposed Removal from her employment due to alleged misconduct. ECF No. 1 at 4–6. Plaintiff brings claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. *Id.* at 3.

ORDER DENYING JUDGMENT ON THE PLEADINGS – 1

A.  **Employment and Retirement**

In April 2013, the VA's Behavioral Health Clinic in Wenatchee, WA, where the Plaintiff was formerly employed as a Social Worker, received complaints from a patient who had also been recently hired as a VA clinic clerk employee. ECF No. 13-1 at 2. The VA's Behavioral Health Science services then began an investigation into the complaint. *Id.* at 3. On May 20, 2013, Plaintiff was issued a Notice of Proposed Removal from her employment. *Id.* at 4. Around that time, Plaintiff also prepared her own retirement application materials and, without consultation with VA personnel, voluntarily submitted her retirement application to VA's Human Resources Office. *Id.* In response, the VA allowed Plaintiff to voluntarily retire on or near June 28, 2013, and did not proceed with formal removal proceedings. *Id.*

On July 2, 2013, shortly after her voluntary retirement, Plaintiff submitted a formal post-retirement charge of discrimination against the VA, and administratively pursued her claims, first through the EEO complaint process, then with the U.S. Merit Systems Protection Board ("MSPB"), and then finally again with the EEOC. *See* ECF 13-1 at 2–10, 12–30, 32–39. On April 16, 2014, a MSPB Administrative Judge issued a decision, concluding that Plaintiff failed to raise any non-frivolous allegations. *Id.* at 12–19. Plaintiff appealed, and the full MSPB issued its Final Order on October 22, 2014, denying the petition for review and affirming the Administrative Judge's decision. ECF No. 13-1 at 32–39. Plaintiff did not file a

ORDER DENYING JUDGMENT ON THE PLEADINGS – 2

1 suit in any Federal District Court seeking to challenge this MSPB decision. *See* ECF Nos. 1, 13.

Instead, Plaintiff sought a hearing on her remaining discrimination claims with an EEOC Administrative Judge, who granted the VA summary judgment on March 26, 2018. ECF No. 13-1 at 5. Plaintiff then appealed to the EEOC Commission. ECF No. 13-1 at 2. On August 11, 2020, the EEOC Commission affirmed the ALJ's decision as a final action. *Id.* With its final decision, the EEOC also issued Plaintiff a Notice of Right to Sue, which was issued on August 11, 2020. ECF No. 13-1 at 8–10. Plaintiff admits to receiving this Right to Sue Notice on August 18, 2020. ECF No. 1 at 6. Pursuant to the EEOC's final decision and Right to Sue Notice, Plaintiff was notified that she had ninety days from the date of receipt of the EEOC's Right to Sue Notice in which to timely commence her federal lawsuit. ECF No. 13-1 at 8.

**B.    Filing in Federal Court**

Plaintiff first attempted to file her complaint in the United States District Court for the Western District of Washington on November 14, 2020, the eighty-eighth day after she says she received the Right to Sue Notice. ECF No. 15 at 19. Plaintiff submitted the complaint and Right to Sue Notice via e-mail to the Clerk's Office. *Id.* She did not submit the mandatory $400 filing fee nor submit a IFP application. *See id.*

ORDER DENYING JUDGMENT ON THE PLEADINGS – 3

On Monday, November 16, 2020, a deputy clerk responded to Plaintiff's e-mail:

> This message is from the US District Court regarding the complaint you recently submitted. The complaint will not be filed and your case will not be opened until the Court receive either the $400.00 filing fee or a completed IFP application. The application can be downloaded from our website at wawd.uscourts.gov and it is also attached to this email.
>
> If you intend to pay the filing fee, please respond to this email so we can provide further instruction on how to pay the filing fee.
>
> The Court must receive payment or the IFP application within 7 days or your documents will not be processed, and you will need to resubmit your case. Please note that the filing date for your case will the date the Court receives either the filing fee payment or a completed IFP application.

*Id.* at 18. Plaintiff did not respond until November 24, 2020, writing that she had been out of town without access to email. She paid the filing fee and the complaint was filed the same day, more than ninety days after she received the EEOC's Right to Sue Notice. *See id.*; ECF No. 1.

## LEGAL STANDARDS

**A.    Judgment on the Pleadings**

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "after the pleadings are closed—but early enough not to delay trial." A district court should grant the Rule 12(c) motion when "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains

ORDER DENYING JUDGMENT ON THE PLEADINGS – 4

to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). In considering a Rule 12(c) motion, a court must accept as true all material allegations in the complaint and construe those allegations in the light most favorable to the nonmoving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

In considering a Rule 12(c) motion, a court generally limits its review to the pleadings and attachments, documents incorporated by reference, and "facts that are contained in materials of which the court may take judicial notice." *See Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999). A statute of limitations defense may be raised in a motion to dismiss where the running of the statute is apparent in the pleadings and/or by the judicially noticed records. *Jablon v. Dean Witter & Co.*, 614 F.3d 677, 682 (9th Cir. 1980); *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980); Fed. R. Evid. 101, 201.

**B.     Statutes of Limitations**

There are effectively two limitations periods for Title VII and ADEA claims. First, the claimant must exhaust all administrative remedies by timely filing a full and complete charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(e)(1); *see also Jasch v. Potter*, 32 F.3d 1092, 1094 (9th Cir. 2002). This EEO charge must be filed within 180 days of the alleged unlawful employment event or practice. 42

ORDER DENYING JUDGMENT ON THE PLEADINGS – 5

U.S.C. § 2000e-5(e)–(1). Once a claimant exhausts her administrative remedies, she must receive a Right to Sue Notice and then timely commence an action in the U.S. District Court. 42 U.S.C. § 2000e-5(f)(1) (Title VII); 29 U.S.C. § 626(e). Once the claimant has received the EEOC's Right to Sue Notice, she has ninety days in which to timely file a civil action for discrimination.

## DISCUSSION

Plaintiff submitted her complaint to the Clerk of Court within the statute of limitations. For the reasons set out below, this is sufficient to satisfy the statute of limitations, even though Plaintiff did not pay the filing fee or submit an IFP application before the ninety-day filing deadline.

First, the Court acknowledge that there are rebuttable presumptions that the Right to Sue Notice was sent by mail on the date of its issuance (August 11, 2020) and that Plaintiff is presumed to have received the notice within three days of the mailing (August 14, 2020). *See, e.g.*, *Payan v. Aramrk Management Servs. Ltd P'ship*, 495 F.3d 1119, 1125–26 (9th Cir. 2007). Plaintiff has not provided sufficient evidence to rebut those presumptions, and so the deadline to file would be November 12, 2020, two days before Plaintiff made any attempt to file a complaint.

Still, given that the Court must accept as true the allegations in Plaintiff's complaint, the Court proceeds as though Plaintiff did not receive the notice until August 18, 2020. *See* ECF No. 1 at 8. Given this, Plaintiff needed to file her

complaint with the Court by no later than November 16, 2020. Here, Plaintiff submitted her complaint to the proper e-mail address on November 14, 2020. Although she did not submit the required filing fee or an IFP application, courts routinely ignore such formalisms when evaluating whether an actually submitted complaint is barred by the statute of limitations. *See Loya v. Desert Sands Unified School Dist.*, 721 F.2d 279, 281 (9th Cir. 1983) ("[F]or purposes of the statute of limitations the district court should regard as "filed" a complaint which arrives in the custody of the clerk within the statutory period but fails to conform with formal requirements in local rules. This result is wholly consistent with holdings of this and other courts that a clerk's refusal to "file" a complaint should not be controlling for purposes of the statute of limitations."); *Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015) ("[T]he filing date of a complaint is the date it is delivered to the clerk, whether it is submitted with or without an IFP application."); *see also Klemm v. Astrue*, 543 F.3d 1139, 1142 (9th Cir. 2008) ("As a general rule, a notice of appeal is considered filed at the time the clerk received the document") (citing *Houston v. Lack*, 487 U.S. 266 (1988)); *Parissi v. Telechron, Inc.*, 349 U.S. 46 (1955) (per curiam) (notice of appeal was filed within the jurisdictional time period, notwithstanding the fact that the filing fee was not paid until after the deadline to appeal had passed). As such, the complaint is deemed to have been filed before the statute of limitations expired. Given this finding, an evaluation of whether equitable

ORDER DENYING JUDGMENT ON THE PLEADINGS – 7

tolling applies is unnecessary. The Defendant is not entitled to judgment on the pleadings.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Judgment on the Pleadings, **ECF No. 14**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 29th day of March 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge