FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 16, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DOROTHY DIEDE,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>DENIS RICHARD McDONOUGH,<br>Secretary, Department of Veterans Affairs,<br>　　　　Defendant. | No. 2:20-CV-00456-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Defendant's Memo in Support of Motions to Dismiss and for Summary Judgment, ECF No. 26, and Plaintiff's Objections to Defendant's Motion to Dismiss or for Summary Judgment and Cross-Motion for Summary Judgment, ECF No. 30. Defendant is represented by Timothy M. Durkin. Plaintiff is representing herself. The parties' motions were considered without oral argument. Having reviewed the parties' submissions and applicable caselaw, the Court grants Defendant's motion and denies Plaintiff's.

### Facts

This is an employment discrimination suit filed against the Secretary of the U.S. Department of Veteran Affairs (VA). Plaintiff brings claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* Plaintiff Dorothy Diede is a former

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT # 1**

social worker for the VA Behavioral Health Services (BHS) clinic in Wenatchee, Washington. The BHS clinic provides mental health and counseling services for veterans. Plaintiff's Complaint claims that the VA discriminated and retaliated against her by performing an investigation of her following the VA's receipt of a complaint of misconduct.

The complaint was filed by a VA veteran patient and fellow employee, John Doe. Mr. Doe was a former counseling patient of Plaintiff's, and he alleged that Plaintiff unlawfully disclosed his veteran health care treatment information to other fellow employees, as well as to a supervisor and the VA Human Resources Department. Mr. Doe alleged in that Plaintiff improperly disclosed their medical records. Specifically, Mr. Doe claimed that BHS employees were informed by Plaintiff, among other things, that Mr. Doe: (1) suffers from PTSD; (2) has a criminal record (*i.e.*, prior arrest for shoplifting); (3) remains a thief; (4) is a sociopath; and (5) will thus require vigilance by BHS employees as to their personal items. Plaintiff allegedly made the disclosures to try to prevent Mr. Doe from being hired by the VA as a clerk at the BHS clinic.

On April 15, 2013, Dr. Quinn Bastian, PhD, Chief of BHS at the VA's Spokane Regional Medical Center, notified Plaintiff that the HR Department was performing an investigation into Mr. Doe's misconduct complaint. The VA issued a Notice of Proposed Removal (NPR), which advised Plaintiff of three claims of misconduct, which included:

**Charge 1** – Improper Disclosure of Protected Health Care Information;
**Charge 2** – Interfering with a Veterans' Right to Compete for Federal Employment; and
**Charge 3** – Lack of Candor to the VA during its investigation process.

While the NPR was signed on May 20, 2013, Plaintiff did not receive the NPR and associated documents until May 29, 2013. Crucially, prior to receipt of the NPR, on

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT # 2**

May 21, 2013, Plaintiff notified the VA online of her intent to retire on June 30, 2013.

The NPR informed Plaintiff of her right to provide a response to the charges and alleged misconduct. The NPR provided a listing of Plaintiff's employee rights, which included a right to reply to the charges. Following receipt of the NPR and an evidence packet on May 29, 2013, Plaintiff retained the services of labor union representative Mr. Beesley. Shortly after his retention, Mr. Beesley mailed a May 31, 2013, letter to the VA. Mr. Beesley's letter gave notice of his representative role, advised the VA of Plaintiff's non-waiver of any rights, and also requested copies of all materials relied upon by the VA to support the NPR. Mr. Beesley's letter also directed the VA to contact his office to make arrangements for a date, time, and place for the presentation of Plaintiff's possible oral and written Reply.

On June 3, 2023, the HR Department was notified that all of Plaintiff's necessary paperwork to effectuate her retirement had been completed, and her retirement would become effective on June 28, 2013. Thus, Plaintiff's notice of retirement date occurred on June 3, 2023, before the VA could make a decision on the proposed removal of Plaintiff. Following the VA's receipt of Plaintiff's retirement notice, Andreas Udby, a VA Human Resources Specialist, called Plaintiff and inquired about her scheduled retirement and whether she intended to continue in contesting the proposed removal, since a VA decision on her removal could likely not be determined before her retirement date. Plaintiff confirmed with Mr. Udby of her intent to retire on June 28, 2013, and therefore, the VA did not need to proceed further with its NPR and Plaintiff would not further contest removal. Mr. Udby advised Plaintiff that the VA would not seek formal termination if she did retire on or before June 30, 2013, before any decision could be made on the VA's NPR. Neither Plaintiff, nor her labor representative Mr. Beesley, provided the VA with any further

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT # 3**

inquiry or, for that matter, any further response to the NPR. Neither contacted the VA after May 31, 2013, to schedule any response.

Four days after her retirement, Plaintiff filed a formal Equal Employment Opportunity (EEO) complaint alleging that her retirement was coerced and she had been denied due process.[1] Plaintiff alleged that the VA's misconduct investigation was in reprisal for a prior EEO complaint in 2012. In this case, Plaintiff claims that the VA discriminated against her in April, May, and June of 2013 by performing the HR investigation into Mr. Doe's misconduct complaints, which she claims improperly coerced her into early retirement, in lieu of being disciplined. Plaintiff alleges that this coerced retirement deprived her of her due process rights.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

---

[1] Plaintiff and her labor representative Mr. Beesley claim that she did not give notice of retirement to the VA until well after she received the NPR. Plaintiff and Mr. Beesley also claim she never received the evidence packet. However, the record demonstrates that Plaintiff's acting supervisor, Ms. Bowers, hand delivered the NPR letter and evidence packet to Plaintiff at the BHS clinic on May 29, 2013, and a certified delivery of two copies of the letter and evidence packet was also delivered to Plaintiff at her residence on June 7, 2013.

The Court finds this issue is not genuinely disputed. Therefore, summary judgment is appropriate.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT # 4**

If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## Discussion

### *Statute of Limitations*

Plaintiff filed the Complaint in this action after the required 90 days from presumptive receipt of the EEOC's Right to Sue Notice.

There are two limitations periods for Title VII and ADEA claims. First, the claimant must exhaust all administrative remedies by timely filing a full and complete charge of discrimination with the Equal Employment Opportunity Commission (EEOC). 42 U.S.C. § 2000e-5(e)(1); *Jasch v. Potter*, 32 F.3d 1092, 1094 (9th Cir. 2002). A formal EEO charge must be filed with the VA's EEO Office within 180 days of the alleged unlawful employment event or practice.

In addition, once the claimant exhausts their administrative remedies, they must also receive a Right to Sue Notice from the EEOC and then must timely file their lawsuit with the U.S. District Court. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT # 5**

§ 626(e). Unless otherwise demonstrated, a claimant has 90 days after their presumptive receipt of the EEOC's Right to Sue Notice in which to timely file their complaint. *Id.* If the litigant does not file suit within ninety days of the date the EEOC dismisses their claim, "then the action is time-barred." *Payan v. Aramark Management Services, Ltd. Partnership*, 495 F.3d 1119, 1121 (9th Cir. 2007).

The EEOC issued its final decision rejecting Plaintiff's ADEA and Title VII discrimination and retaliation claims on August 11, 2020. Plaintiff is presumed to have received the EEOC's August 11, 2020 Notice of Final Decision and Right to Sue letter within three (3) days of its date of mailing. Therefore, Plaintiff's presumptive receipt of the Notice and Right to Sue is Friday, August 14, 2020.

Plaintiff emailed her Complaint to the Court over a weekend requesting its filing, but without paying the required filing fee. The Complaint was not formally filed until Monday, November 16, 2020, 94 days after Plaintiff's presumptive receipt of the RTS. Since Plaintiff's Complaint was untimely filed, it must be dismissed.

*Discrimination and Retaliation Claims*

Nonetheless, Plaintiff lacks sufficient evidence to meet her burden of proving a non-frivolous claim of coercive retirement and/or the related allegations of denial of procedural or substantive due process relative to her resignation.

An employee-initiated action, such as a resignation, is presumed to be voluntary unless the Plaintiff employee presents substantial evidence establishing that the act of retiring was obtained through overwhelming duress or coercion or shows that a reasonable person would have been misled by the agency. *Reed v. U.S. Postal Service*, 99 M.S.P.R. 453, 460 (2005); *see Schultz v. United States Navy*, 810 F.2d 1133, 1136 (Fed. Cir. 1987) ("If an employee can show that the agency knew that the reason for the threatened removal could not be substantiated, the threatened action by the agency is purely coercive.").

Here, Plaintiff lacks sufficient evidence to meet her burden of proving a non-frivolous claim of coercive retirement and/or the related allegations of denial of

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT # 6**

procedural or substantive due process relative to her resignation. Plaintiff must come forward with competent evidence to establish all required factual and legal elements to support her discrimination and retaliation claims. *See France v. Johnson*, 795 F.3d 1170, 1173 (9th Cir. 2015).

There is no evidence that the VA engaged in discrimination or retaliatory conduct. Plaintiff submitted the necessary notice and materials for her planned June 28, 2013, resignation on May 21, 2013, which was eight days before the VA served her with a NPR. The NPR was issued following the VA's employee misconduct investigation, which confirmed evidence of misconduct. The VA had legitimate, non-discriminatory reasons for conducting its HR investigation and issuing the NPR.

Since Plaintiff failed to establish that the VA improperly caused overwhelming distress or coercion with its employee misconduct investigation, or improperly misled her, Plaintiff has failed to establish a non-frivolous claim of coercive retirement, discrimination, and/or retaliation, and this claim must be dismissed with prejudice.

### *Due Process Claims*

Plaintiff's elective retirement invalidates her due process claims.

"The fact that an employee is faced with the unpleasant choice of either resigning or being removed does not rebut the presumed voluntariness of [their] ultimate choice of resignation." *Huyler v. Department of Army*, 101 M.S.P.R. 570, 573 (2006) (citing *Schultz v. U.S. Navy*, 810 F.2d at 1136); *Kalvinskas v. Cal. Inst. of Tech.*, 96 F.3d 1305, 1308 (9th Cir. 1996). "[T]o overcome the presumption of voluntariness and demonstrate a resignation or retirement is involuntary, the employee must satisfy a demanding legal standard." *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996). "The two principal grounds on which employees have sought to show that their resignations or retirements were involuntary are: (1) that the resignation or retirement was the product of misinformation or deception by the agency … and (2) that the resignation or retirement was the product of coercion

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT # 7**

by the agency." *Conforto v. MSPB*, 713 F.3d 1111, 1121 (Fed. Cir. 2013), *abrogated on other grounds*, *Perry v. MSPB*, 582 U.S. 420 (2017). "In order to establish involuntariness on the basis of coercion, an employee must show that the agency effectively imposed the terms of the employee's resignation, that the employee had no realistic alternative but to resign or retire, and that the employee's resignation or retirement was the result of improper acts by the agency." *Staats*, 99 F.3d at 1124.

The standard to prove a constructive discharge and coercive retirement claim is higher than that required to prove a hostile work environment claim. *Brooks v. City of San Mateo*, 229 F.3d 917, 930 (9th Cir. 2000) ("Where a plaintiff fails to demonstrate the severe or pervasive harassment necessary to support a hostile work environment claim, it will be impossible for [them] to meet the higher standard of constructive discharge: conditions so intolerable that a reasonable person would leave the job."); *Schultz*, 810 F.2d at 1136 ("If an employee can show that the agency knew that the reason for the threatened removal could not be substantiated, the threatened action by the agency is purely coercive.").

Here, Plaintiff submitted her voluntary request for retirement on May 21, 2013, a full eight days before Plaintiff was formally served with the NPR. Plaintiff had not yet received the NPR before Plaintiff decided to formally notify the VA that she had decided to retire, even while the question of discipline remained undecided. Plaintiff has failed to come forward with affirmative, non-frivolous evidence disproving the VA's legitimate reasons for investigating Plaintiff and issuing an NPR. *France*, 795 F.3d at 1173 ("If the employer [provides a legitimate, nondiscriminatory reason for the employment action], the burden shifts back to the employee to prove that the employer's explanation is a pretext for discrimination.").

//
//
//
//

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT # 8**

In addition, since Plaintiff made her decision on May 21, 2013 to voluntarily retire from the VA near the end of June 2013, and she elected not to pursue any further action with the VA on its abandoned Notice of Proposed Removal process, Plaintiff's alleged deprivation of due process must be rejected.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Memo in Support of Motions to Dismiss and for Summary Judgment, ECF No. 26, is **GRANTED**.

2. Plaintiff's Objections to Defendant (Govt) Motion to Dismiss or for Summary Judgment and Cross-Motion for Summary Judgment in favor of Plaintiff, 30, is **DENIED**.

3. The Clerk of Court is directed to **ENTER JUDGMENT** against Plaintiff and in favor of Defendant.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel and Plaintiff, and close the file.

**DATED** this 16th day of May 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT # 9**